548 A.2d 1337

Elizabeth H. Steele, Petitioner *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

*Philip R. Detwiler,* with him, *Sean P. Flynn, Philip R. Detwiler* & *Associates, P.C.,* for petitioner.

*M. Dukes Pepper, Jr.,* Assistant Counsel, for respondent.

OPINION BY JUDGE CRAIG, October 19, 1988:

Elizabeth Steele appeals from a decision of the Department of Environmental Resources (DER) denying her request to inspect a copy of a 1979 memorandum pursuant to the Right-To-Know Law, Act of June 21, 1957, P.L. 390, *as amended.* Section 2 of the Act states:

> Every public record of an agency shall, at reasonable times, be open for examination and inspection by any citizen of the Commonwealth of Pennsylvania.

65 P.S. §66.2.

In April 1987, counsel for Ms. Steele wrote to Mr. Kenneth Gelburd, assistant counsel for the Department of Environmental Resources, requesting an opportunity to inspect and examine a "nine-page memorandum dated February 13, 1978 entitled 'DRBC Approval of Waste Water Treatment Projects' authored by Maxine Woefling and R. Timothy Weston." At that time, both Ms. Woefling and Mr. Weston were assistant attorneys general.

In response, Mr. Gelburd transmitted the request to DER's Bureau of Water Quality Management, Division of Permits and Compliance. On May 13, 1987, Mr. Peter Slack, chief of the permits section, responded that the 1979 memo requested "is considered as a privileged communication, not subject to the statutory requirements in question."

The threshold question is whether the memorandum sought to be reviewed is a "public record" as defined and made subject to examination by the Law.

Section 1 of the Law defines a "public record" as: Any account, voucher or contract dealing with the receipt on disbursement of funds by an agency or its acquisition, use or disposal of services or of supporters, materials, equipment or other property and any *minute, order* or *decision* by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons: Provided, That the term "public records" shall not mean any report, communication or other paper, the publication of which would disclose the institution, progress or result of any investigation undertaken by an agency in the performance of its official duties . . . or which would operate to the prejudice or impairment of a person's reputation or personal security, or which

would result in the loss by the Commonwealth or any of its political subdivisions . . . of Federal funds, excepting therefrom however the record of any conviction for any criminal act. (Emphasis added.)

65 P.S. §66.1.

Because there is no claim that the document here constitutes an "account, voucher or contract", our review focuses on that portion of the definition which embraces: "any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons." This language is to be construed as including decisions which "establish, alter, abolish or deny rights, privileges, immunities, duties or obligations." *Lamolinara v. Barger,* 30 Pa. Commonwealth Ct. 307, 373 A.2d 788 (1977).

Ms. Steele argues that the memorandum constitutes a public record under the Law because the subject matter of the memo encompasses essential functions of DER.

However, as its title alone makes clear, the memo is not a "minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons." Rather, as a memo drafted by assistant attorneys general, it constitutes a communication from lawyers employed under the Attorney General, who hence cannot be decision-makers within DER.

To be sure, this court has treated a document as one "fixing" matters of personal or property status, when it relates to the modification of matters already determined, *Lamolinara,* as well as to matters to be determined in the future. *Young v. Armstrong School District,* 21 Pa. Commonwealth Ct. 203, 344 A.2d 738 (1975). However, this court has held that a document

514

"fixing" matters of status must be one proximate to decision-making, *West Shore District v. Homick*, 23 Pa. Commonwealth Ct. 615, 353 A.2d 93 (1976), and a communication from attorney advisors outside the department relating to ". . . Projects" does not have the characteristics of a decision affecting the status of an individual or individuals.

Accordingly, the 1979 memorandum is not a public record subject to discovery by Ms. Steele under the law.

Hence, there is no need to resolve any of the other issues raised by DER. Because we here do not decide any privilege questions, this decision does not deal with whether or not the document in question is subject to subpoena in Environmental Hearing Board proceedings or elsewhere.

ORDER

NOW, October 19, 1988, the Department of Environmental Resources denial of Ms. Steele's request to examine the memorandum entitled "DRBC Approval of Waste Water Treatment Projects", is affirmed.

Judge MACPHAIL did not participate in the decision in this case.