627 A.2d 301

**NITTANY PRINTING & PUBLISHING CO., INC. t/d/b/a The Centre Daily Times and Mary Ellen Lloyd, Appellants,**

**v.**

**CENTRE COUNTY BOARD OF COMMISSIONERS and Vicky Bumbarger Wedler, Chairman, Centre County Commissioners, Denny Sciabica, Commissioner and Keith Bierly, Commissioner.**

Commonwealth Court of Pennsylvania.

Argued March 30, 1993.

Decided June 24, 1993.

---

Virginia B. Eisenstein, for appellants.

Edward S. Blanarik, Jr., for appellees.

Robert D. Richards, for appellee Keith Bierly.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Nittany Printing & Publishing Co., Inc. and Mary Ellen Lloyd (collectively, Daily Times) appeal an order of the Court of Common Pleas of Centre County denying its request under the Right-to-Know Act[1] to examine, inspect and copy a County Solicitor's (Solicitor) opinion given to the Centre County Board of Commissioners (Commissioners)[2] regarding the legality of using drug forfeiture money to fund a "full-time" District Attorney.

For several years, the Commissioners had considered changing the Office of District Attorney from one in which the

1. Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §§ 66.1–66.4.

2. Commissioner Bierly has filed a brief in support of releasing the Solicitor's opinion. An amicus brief has also been filed by the Pennsylvania Newspaper Publishers Association in support of the Daily Times.

occupant was allowed to engage in non-conflicting outside work to one that was "full-time." Such a change was authorized by Section 1401(g) of the County Code, Act of August 9, 1955, P.L. No. 323, *as amended,* 16 P.S. § 1401(g), which, in relevant part, provides:

> The commissioners of any county may by *ordinance* fix the services of the district attorney at full time. Such determination may be made at any time, provided that the determination shall not be made between the first day for the circulation of nominating petitions for the office of district attorney and January of the subsequent year. The presiding judge of the court of common pleas of the judicial district and the district attorney may make recommendations at any time to the county commissioners on the advisability of full-time service by the district attorney, but the same shall not be binding on them.
>
>    *   *   *   *   *   *
>
> Once the determination for a full-time district attorney is made, it shall not thereafter be changed except by referendum of the electorate of the said county. Such referendum may be instituted by the county commissioners or on petition by five per cent of the electors voting for the office of Governor in the last gubernatorial general election. Such referendum may be held at any election preceding the year in which the district attorney shall be elected. (Emphasis added).

A new Board of Commissioners took office in January of 1992. Two of the Commissioners had been re-elected and their positions were well known: the Board Chair, Vicky Bumbarger Welder *opposed* and Commissioner Keith Bierly *favored* the change to a "full-time" District Attorney. The deciding vote was that of Denny Sciabica (Sciabica) who was serving his first term as a County Commissioner.

During his election campaign and initial months in office, Sciabica had indicated that he supported the concept of a full-time District Attorney only if the position could be created without more than a three percent increase in the previous

year's district attorney budget. To meet this condition, it was proposed that drug forfeiture monies provide the necessary funding. The Solicitor was directed to give an opinion as to whether such funds could be used in this manner. After receipt of the opinion, the Commissioners voted 2–1 against the creation of a full-time District Attorney position. At the time of the vote, Sciabica, the swing-vote, indicated that he took the Solicitor's opinion into consideration in arriving at his decision to oppose the measure.

■ Mary Ellen Lloyd, a reporter for the Centre Daily Times, made a request to inspect and copy the Solicitor's opinion, which the Commissioners also denied by a 2–1 vote. The Daily Times filed a local agency appeal to the trial court contending that they had a right to inspect and copy the opinion as a public record under the Act. While it admitted that the Solicitor's opinion is not a minute, order or decision of the Commissioners, the Daily Times contended that it was entitled to the document because it was an essential component of a decision fixing personal rights and should then be considered a "public record." [3] Following a hearing, the trial court found that the opinion was not a public record under the Act and affirmed the decision of the Commissioners not to release the document. This appeal followed.[4]

■ To establish that a document is a public record because it constitutes a "minute, order or decision," the person seeking the information must establish that the requested material:

**3.** Section 2 of the Act, 65 P.S. § 66.2, places public records open to inspection. "Public record" is defined by Section 1 of the Act as:
   [A]ny minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons ... it shall not include any record ... access to or publication of which is prohibited, restricted or forbidden by statute law or order or decree of court....
   66 P.S. § 66.1(2).

**4.** Our scope of review under the Right-to-Know Act is limited to determining whether the agency's denial of the request for the desired information was for just and proper cause. 65 P.S. § 66.4; *City of Chester v. Getek*, 132 Pa.Commonwealth Ct. 394, 397 n. 3, 572 A.2d 1319, 1320 n. 3 (1990).

1) is generated by an "agency" covered by the Act;[5]

2) is a minute, order or decision of an agency or an essential component in the agency arriving at its decision;

3) fixes the personal or property rights or duties of any person or group of persons;[6] and

4) is not protected by statute, order or decree of court.

*Gutman v. Pennsylvania State Police,* 148 Pa.Commonwealth Ct. 567, 612 A.2d 553, 558 (1992).

On appeal, the parties only raise one core issue—whether a legal opinion, which otherwise is not a public record, becomes one as an essential component of an agency decision, when one member of a County Board of Commissioners states that it was taken into consideration in his or her vote.[7] Specifically, the Daily Times contends that Sciabica's statements that he took into consideration the Solicitor's opinion concerning the use of drug money to fund a "full-time" District Attorney makes that opinion an essential component of the agency decision and a public record open to inspection.

■ While not included in the definition of public record in the Right-to-Know Act, we have interpreted the definition of "minute, order or decision" to include documents that are considered essential to the agency's decision. To be considered as embodying an essential component of an agency decision, the decision must have been contingent on the information contained in the document and could not have been made without it. *City of Chester v. Getek,* 132 Pa.Commonwealth Ct. 394, 572 A.2d 1319 (1990). "[I]t must be shown that such [documents] form the basis for an agency decision...." *Consumer Education and Protective Association*

---

**5.** Boards of Commissioners carry out both legislative and administrative actions. The issue of whether the Board, when acting in a legislative capacity, is an "agency" as defined by the Act has not been raised.

**6.** While raised before the trial court, the issue of whether legislation fixes property rights was not raised on appeal.

**7.** The Board raises the issue of whether the Solicitor's opinion is exempt from disclosure because it is entitled to attorney-client privileges under 42 Pa.C.S. § 5928. Because of the way we resolve this case, we need not reach that issue.

*v. Southeastern Pennsylvania Transportation Authority,* 125 Pa.Commonwealth Ct. 143, 153, 557 A.2d 1123, 1127 (1989). Just because a document may have an effect on or influence an agency decision, it does not make it an "essential component" of that decision. The document must either be the basis for or a condition precedent of the decision. *Vartan v. Department of General Services,* 121 Pa.Commonwealth Ct. 470, 550 A.2d 1375 (1988); *Patients of Philadelphia State Hospital v. Department of Public Welfare,* 53 Pa.Commonwealth Ct. 126, 417 A.2d 805 (1980).

We have never addressed whether legal opinions are an "essential component" of an agency decision. In *Steele v. Commonwealth, Department of Environmental Resources,* 120 Pa.Commonwealth Ct. 510, 548 A.2d 1337 (1988), we sidestepped the issue by holding that a memo drafted by assistant attorney generals to the Department of Environmental Resources (DER) could not be the basis for an agency decision because those individuals were employed by the Attorney General and could not be decision makers of DER. If we were to apply the "essential component" test to legal opinions, most legal opinions rendered by attorneys for an agency would become public records because they usually relate to some agency decision.

■ Contrary to illusions that some solicitors try to create, a legal opinion, absent some statutory requirement, is not a pre-requisite to any decision reached by any agency. Much to many solicitors' chagrin, an "agency" is not required to obtain a legal opinion or even follow it once obtained, albeit at the agency and officers' risk. Under the County Code, a County Solicitor is only "to render legal advice incident to the office which may be required of him by the Commissioners." 16 P.S. § 902. Because a legal opinion is not a pre-requisite to an agency making a decision and only is "advice," legal opinions are not an "essential component" of an agency's decision [8] and, hence, not a "public record."

8. While our expansion of the term "public record" to include "essential components" was in accord with the General Assembly's intent by guarding against the agency issuing "bare bone" decisions and not

██ Notwithstanding the foregoing, the Daily Times contends that no matter that the document is not a public record, the statements by Sciabica that he relied on it makes it one. Sciabica's statements that he relied on a document, however, does not make the legal opinion an "essential component" of an agency decision. A document sought must objectively be an "essential component" of an agency decision and merely because someone said that they relied on it or it was essential to their decision doesn't make it so. Moreover, Sciabica is not *the* agency, but only one member *of* an agency. The other two Commissioners both arrived at their decisions before the Solicitor's opinion was requested and those decisions did not change after it was received, illustrating again that the opinion was not an "essential component" of the vote on a "full-time" District Attorney.

Because the Solicitor's opinion was not essential to the Commissioner's decision to change the status of the District Attorney of Centre County to a "full-time" position, it is not a public record under the Right-to-Know Act. Accordingly, the well-reasoned decision of the Court of Common Pleas of Centre County is affirmed.

### ORDER

AND NOW, this 24th day of June, 1993, the order of the Court of Common Pleas of Centre County dated August 27, 1992, is hereby affirmed.

██

---

providing in the decision the basis on which it was reached, that reasoning does not extend to legal opinions. Unlike the myriad of other documents involved in an agency decision, when the General Assembly enacted the Right-to-Know Act, it was fully aware that agencies employed counsel to give them advice as to the legality of the legislation. If it wanted to make those legal opinions public records, it would have done so specifically.