**CYPRESS MEDIA, INC., d/b/a the Times Leader and Jennifer Learn, Appellants,**

**v.**

**HAZLETON AREA SCHOOL DISTRICT.**

Commonwealth Court of Pennsylvania.

Argued Sept. 8, 1997.

Decided March 13, 1998.

---

Edward D. Rogers, Philadelphia, for appellants.

Edward P. McNeils, Hazleton, for appellee.

Before SMITH and PELLEGRINI, JJ., and NARICK, Senior Judge.

SMITH, Judge.

Cypress Media, Inc. (Cypress), d/b/a the Times Leader, and Jennifer Learn appeal from the order of the Luzerne County Court of Common Pleas that denied Cypress' request for access to applications for teacher positions in the Hazleton Area School District (District).[1] Cypress requested the documents under the statute commonly known as the Right to Know Act, Act of June 21, 1957, P.L. 390, *as amended*, 65 P.S. §§ 66.1—66.4 (Act). Cypress contends on appeal that the applications constitute public records under the Act and are therefore subject to disclosure.

I

The District requires all prospective teachers to complete an application packet that requires them to provide their home addresses, social security numbers, home telephone numbers, college transcripts, physical examination reports and child abuse clearances from the Pennsylvania State Police and the Department of Public Welfare (DPW). Applicants also must complete a questionnaire regarding their teaching methods and work experience. The District will not consider any candidate who has not submitted a completed application.

During July 1996, reporters from the Times Leader requested of District Superintendent Geraldine Shepperson, both orally and in writing, access to the applications of candidates whom the District deemed qualified to teach in its schools. Shepperson denied these requests, advising the reporters that the applications contained confidential information and therefore were not "public records" under the Act. Cypress then requested access to the applications and indicated that the District could redact any confi-

---

1. Cypress Media, Inc. was substituted for Capital Cities Media, Inc. as Appellant in this case following Cypress' purchase of the Times Leader after the instant appeal was filed with this Court.

For convenience, the Court will refer to the owner of the Times Leader as Cypress in all stages of this litigation.

dential information contained in them, but the District again refused access.

Cypress sought judicial review of the District's denial of access to the applications. At a hearing before the trial court, Shepperson testified that, although the school board has the ultimate responsibility of hiring teachers, a teacher/pupil committee interviews each candidate who submits a completed application and determines which applicants are qualified to teach in the District. The committee then recommends certain applicants for hiring, and the school board considers only those applicants recommended by the committee. Shepperson testified further that neither the school board nor the teacher/pupil committee has access to the employment applications. Instead, only three persons ever see the applications: Shepperson, her confidential secretary and the District's Director of Curriculum. Shepperson and the Director of Curriculum prepare one-page summaries of the applications for the screening committee and the school board to review, and the only confidential information in these summaries is the applicants' social security numbers. Shepperson also indicated that the hiring bodies rely on the applications "very minimally" in deciding whom to hire.

■ The trial court determined that the applications did not constitute "public records" under the Act and affirmed the District's determination. The court specifically concluded that because neither the committee nor the school board reviewed the applications, they were not "essential components" of the ultimate hiring decision. In reviewing the denial of Appellants' request for information under the Act, this Court must determine whether the denial was for just and proper cause under the terms of the Act. Section 4 of the Act, 65 P.S. § 66.4; *Travaglia v. Department of Corrections,* 699 A.2d 1317 (Pa.Cmwlth.1997), *appeal denied,* ─── Pa. ───, 705 A.2d 1313 (1997).

## II

■ Section 1(2) of the Act, 65 P.S. § 66.1(2), defines a "public record" in part as "any minute, order or decision by an agency fixing the personal or property rights, privi-leges, immunities, duties or obligations of any person or group of persons...." Although not included in the statutory definition of a public record, this Court has interpreted "minute, order or decision" to include documents that are deemed essential to an agency decision. "Just because a document may have an effect on or influence an agency decision, it does not make it an 'essential component' of that decision. The document must either be the basis for or a condition precedent of the decision." *Nittany Printing & Publishing Co., Inc. v. Centre County Board of Commissioners,* 156 Pa.Cmwlth. 404, 410, 627 A.2d 301, 304 (1993) (citing *Vartan v. Department of General Services,* 121 Pa.Cmwlth. 470, 550 A.2d 1375 (1988), and *Patients of Philadelphia State Hosp. v. Department of Public Welfare,* 53 Pa. Cmwlth. 126, 417 A.2d 805 (1980)); *see also City of Chester v. Getek,* 132 Pa.Cmwlth. 394, 572 A.2d 1319 (1990). On this issue, Cypress first argues that an application constitutes a public record because it is an essential component of the District's hiring decision, or stated another way, a completed application is a condition precedent to the District's hiring decisions. The District responds that because the hiring entities never see the completed application, it cannot be considered an essential component of the hiring decisions.

At issue in *Patients of Philadelphia State Hosp.* was a report generated by a private commission that evaluated state-operated mental health facilities and DPW's reliance upon that report in exercising its statutory duty to supervise, inspect and approve such facilities. "DPW's decision to approve state psychiatric institutions is directly dependent upon a satisfactory report by [the commission]." *Id.,* 417 A.2d at 808. In holding that the report constituted a public record under the Act, the Court reasoned that the report formed the basis for DPW's determination because "the report is not only an essential component of the agency's decision, but [also] ... a prerequisite to that agency's approval of a facility." *Id.* In that case, however, it was manifest that DPW had access to the report and actually reviewed it before reaching its decision.

■ Here, by contrast, it is uncontradicted that the hiring bodies never review the completed applications. The parties have cited no case law, and the Court is aware of none, in which a court has held that a document constituted an essential component of an agency decision even though the agency never reviewed the document. Although a completed application is a formal prerequisite for the District's decision to hire a teacher, the applications are not necessarily "essential components" of the hiring decisions, as Cypress argues, because the hiring bodies never review the applications. Cypress argues that this result would elevate form over substance because the applications form the basis for summaries prepared by Shepperson and the Director of Curriculum. The Court nonetheless concludes that before a document may constitute an essential component of an agency decision, the agency must have access to the document and the document must actually be reviewed by the agency in reaching its decision. The document must not merely form the basis of another document that was reviewed by the agency.

Cypress also argues that the trial court erred by relying solely on Shepperson's testimony that neither the school board nor the teacher/pupil committee have access to the applications and that they only minimally rely on the applications in making hiring decisions. Cypress maintains that the court's reliance on this assertedly subjective testimony conflicts with this Court's decision in *Nittany Printing & Publishing Co., Inc.* The District counters that it is an objective fact that neither the school board nor the teacher/pupil committee ever reviews the applications in making its hiring decisions. Shepperson's testimony on this point was not a subjective account of her role in the hiring process but instead represented an objective recitation of the procedures followed in the hiring process.

In *Nittany Printing & Publishing Co., Inc.* a newspaper sought the disclosure of an advisory opinion issued by Centre County's solicitor at the direction of the county commissioners to aid them in voting on a proposal that was ultimately rejected by a vote of two to one. The newspaper argued that the solicitor's opinion constituted an essential component of the decision because one of the commissioners stated when he voted to oppose the proposal that he relied on the solicitor's advisory opinion. This Court rejected the newspaper's argument, reasoning that:

> [The Commissioner's] statements that he relied on a document ... does [sic] not make the legal opinion an 'essential component' of an agency decision. A document sought must objectively be an 'essential component' of an agency decision and merely because someone said that they relied on it or it was essential to their decision doesn't make it so. Moreover, [the Commissioner] is not *the* agency, but only one member *of* an agency. The other two Commissioners both arrived at their decisions before the Solicitor's opinion was requested and those decisions did not change after it was received, illustrating again that the opinion was not an 'essential component' of the vote on [the proposal].

*Id.,* 627 A.2d at 304 (emphasis in original). The Court perceives no conflict between *Nittany Printing & Publishing Co., Inc.* and the trial court's decision, and it concludes that the applications do not constitute public records under the Act.[2]

### III

■ The District argues that even if the applications constituted public records under the Act, they should not be disclosed because they contain confidential information regarding the applicants. Cypress concedes that the applications contain much confidential in-

---

2. Aside from its argument that the completed applications are not essential components of its hiring decisions, the District also contends that the applications are not generated by an agency and that the applications do not fix personal or property rights or duties, as the Act's definition of a "public record" requires. First, it is clear that an agency need not generate the completed applications for them to be considered essential components of an agency decision. *Times Publishing Co., Inc. v. Michel,* 159 Pa.Cmwlth. 398, 633 A.2d 1233 (1993), *appeal denied,* 538 Pa. 618, 645 A.2d 1321 (1994) (completed applications for firearm licenses constituted an essential component of the decision to issue the license). Second, a document need not fix personal or property rights or duties to be considered an essential component of an agency decision. *Id.*

formation and states that it would accept the applications where the confidential information was redacted. Under Section 1(2) of the Act:

> [T]he term 'public records' shall not mean any report, communication or other paper, the publication of which would disclose the institution, progress or result of an investigation undertaken by an agency in the performance of its official duties...; it shall not include any record, document, material, exhibit, pleading, report, memorandum or other paper, access to or the publication of which is prohibited, restricted or forbidden by statute law or order or decree of court, or which would operate to the prejudice or impairment of a person's reputation or personal security ....

In addition to these explicit exceptions, this Court has interpreted the personal security and personal reputation exceptions as creating a privacy exception to the Act's general disclosure rule. *Tribune–Review Publishing Co. v. Allegheny County Housing Authority,* 662 A.2d 677 (Pa.Cmwlth.1995), *appeal denied,* 546 Pa. 688, 686 A.2d 1315 (1996).

In *Tribune–Review Publishing Co.* a newspaper sought the disclosure of an agency's payroll records, which contained agency employees' home addresses, home telephone numbers and social security numbers. The agency refused, but the court of common pleas ordered the release of the records. On appeal, this Court reversed the trial court's order, concluding that disclosure of such confidential information would impermissibly violate an employee's right to privacy. Additionally, the Court noted that it was "expressly overruling that part of [*Young v. Armstrong School District,* 21 Pa. Cmwlth. 203, 344 A.2d 738 (1975)], which found [that] no right of privacy existed in the Right to Know Act." *Id.* at 683 n. 9. This privacy exception, however, is not absolute. Where an individual's privacy interests in the requested information outweigh the benefits of disclosing that information, this Court has determined that the confidential information must be redacted where disclosure is mandated. *Times Publishing Co., Inc. v. Michel,* 159 Pa.Cmwlth. 398, 633 A.2d 1233 (1993), *appeal denied,* 538 Pa. 618, 645 A.2d 1321 (1994).

In the case sub judice, the applications contain much information that may be considered confidential. First, this Court has held that a person's home address, home telephone number and social security number are not subject to disclosure under the Act because the benefits of disclosing such information are outweighed by a person's privacy interests in that information. *Tribune–Review Publishing Co.; Times Publishing.* Cypress concedes that the Court could order this information to be redacted because of its confidential nature, and Cypress does not argue that disclosure of this information would be beneficial. There is nothing, therefore, to weigh against the applicants' privacy interests in this information, and the balance necessarily tips in favor of nondisclosure.

With regard to the applicants' college transcripts, the Family Education and Privacy Rights Act, 20 U.S.C. § 1232g, commonly known as the Buckley Amendment, penalizes the disclosure of a person's educational records without his or her consent. 20 U.S.C. § 1232g(b), (d). The purpose of the Buckley Amendment is to ensure a student's access to his or her educational records while protecting the privacy of those records from general disclosure. *Gundlach v. Reinstein,* 924 F.Supp. 684 (E.D.Pa.1996), *aff'd without opinion,* 114 F.3d 1172 (3d Cir.1997). Clearly, the Buckley Amendment limits the availability of a person's college transcripts in order to preserve an individual's privacy interests in those records. Because the applicants' privacy interests in their college transcripts outweigh the benefits of disclosure if the applications were determined to be public records, the transcripts may not be released.

The disclosure of the applicants' medical reports likewise would infringe on their privacy interests in those records. Courts of this Commonwealth as well as federal courts have recognized that a person has a substantial privacy interest in his or her medical records. *See, e.g., Commonwealth v. Riedel,* 539 Pa. 172, 651 A.2d 135 (1994); *McDonnell v. United States,* 4 F.3d 1227 (3d Cir.1993). The Court can discern no benefit, and the parties have identified none, that would result from a disclosure of this information. Consequently, the Court holds that an applicant's right to privacy in his or her medical

records outweighs any benefits of disclosure, and the applicants' physical examination reports therefore may not be released.

The District also argues for nondisclosure of the applicants' child abuse clearances from the State Police and DPW, citing Sections 6339 and 6340 of the Child Protective Services Law (Law), 23 Pa.C.S. §§ 6339 and 6340, both *as amended.* Under these sections, any report of child abuse must be held confidential and may be released only to certain entities and only under certain circumstances not involved here. However, in applying the balancing test of the privacy exception to disclosure, the balance favors nondisclosure. A clearance could contain evidence that an applicant was investigated following an accusation of child abuse or molestation that proved to be false and the release of such information could certainly impinge on the applicant's right to privacy. Moreover, the benefits of disclosure would be minimal, for State law already requires school districts to hire only those applicants who have received a clearance, and the existence of a clearance presupposes that the applicant does not have a documented history of child abuse or molestation. *See* Section 6355(c) of the Child Protective Services Law, 23 Pa. C.S. § 6355(c).[3]

Based on the foregoing, the Court holds that employment applications for teaching positions in the Hazleton Area School District are not public records subject to disclosure under the Act. Even if the applications were deemed to be public records, the Court would not order disclosure because of the confidential information contained in them that is protected by law from disclosure. Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 13th day of March, 1998, the order of the Court of Common Pleas of Luzerne County is affirmed.

---

3. The investigation exception to disclosure under the Act likewise prohibits disclosure of the clearances. As stated above, a clearance could disclose the institution of an investigation into a false accusation of child abuse.