## Rosser v. Feldman

C.P. of Lackawanna County, no. 95-CIV-1181.

*Malcolm L. MacGregor,* for plaintiffs.
*Richard K. Hodges,* for defendant Montrose Hospital.
*Donald C. Ligoria,* for defendant Feldman.
*Lara J. Endler,* for defendant Kerr.

MUNLEY, *J.,* July 31, 1998—Before the court is the defendant's motion for a protective order. The defendant is Montrose General Hospital; and the plaintiffs are Judith Rosser and Lloyd Rosser. The parties have

briefed their respective positions, and oral argument was heard on May 27, 1998.

The defendant seeks a protective order from providing certain documents requested by the plaintiffs' supplemental request for production of documents. Plaintiffs' supplemental request included, inter alia, the following paragraphs:

"(8) Please produce any and all documentation regarding Montrose General Hospital's withdrawal from the joint commission including, but not limited to, any and all letters of deficiency from the last joint commission inspection prior to defendant, Montrose General Hospital's, withdrawal from the joint commission.

"(9) Please produce a copy of the joint commission's last report relative to the Montrose General Hospital.

"(10) Please produce any and all reports from the Department of State of the Commonwealth of Pennsylvania regarding inspections at Montrose General Hospital from 1990 through 1994.

"(11) Please produce any and all documents regarding the suspension and/or revocation of Montrose General Hospital's mammography privileges as referenced in the designated witness deposition at pages 54 and 55."

The defense contends that the above-mentioned requests are protected under the Peer Review Protection Act, 63 P.S. §425.1 et seq., and that the information sought by the plaintiffs is privileged. The plaintiffs submit that the requests at issue are not protected by the Act, and that the defendant's motion should be denied. Plaintiffs further argue that even if the documents are not discoverable by virtue of the Peer Review Act, the defendant waived such privilege.

We initially address the issue of waiver. The plaintiffs argue that Montrose Hospital waived its right to object

to the requests at issue where the hospital "answered prior discovery and deposition inquiries without objection, and subsequently filed a timely response devoid of any peer review objection representing that the information would be provided." See plaintiffs' brief dated March 13, 1998. We disagree. A privilege may be waived if a party to the confidential information *disclosed* the information to a third party. See *Sprague v. Walter,* 441 Pa. Super. 1, 656 A.2d 890 (1995). Instantly, the record is devoid of any actual disclosure of information. Without such disclosure, any privilege provided by the Peer Review Protection Act, 63 P.S. §425.1 et seq. remains unaffected and intact. The Act provides in relevant part as follows:

"Confidentiality of review organization's records

"The proceedings and record *of a review committee* shall be held in confidence and shall not be subject to discovery or introduction into evidence in any civil action against a health care provider *arising out of the matters which are the subject of evaluation and review by such committee . . .* Provided, however, That *information, documents or records otherwise available from original sources are not to be construed as immune from discovery* or use in any civil action merely because they were presented during proceedings of such committee . . . ." 63 P.S. §425.4. (emphasis added)

"'Peer review' means the procedure for evaluation by professional health care providers of the quality and efficiency of services ordered or performed *by other professional health care providers,* including . . . the compliance of a hospital . . . with the standards set by an association of health care providers . . . .

"'Review organization' means *any committee engaging in peer review . . . to gather and review information relating to the care and treatment of patients* for the

purposes of (i) evaluating and improving the quality of health care rendered; (ii) reducing morbidity or mortality; or (iii) establishing and enforcing guidelines designed to keep within reasonable bounds the cost of health care . . . ." 63 P.S. §425.2. (emphasis added)

The law in Pennsylvania is clear that due to the broad scope of discovery, a party asserting a limitation thereto has the burden of establishing that limitation. *Fulmer v. Baird,* no. 94 CV 000393 (Bradford County, filed March 13, 1998) (citing *Mazzucca v. Methodist Hospital,* 47 D.&C.3d 55 (1986); 6 Standard Pa. Practice 2d §34:22). After a thorough review of the matter sub judice, we find that the defendant established that paragraphs 8 and 9 are protected under the Peer Review Act. We further find that the joint commission is a review organization as intended by the Act, and any documents relating to the defendant's voluntary withdrawal from the commission and/or letters and reports of the commission's inspections of Montrose Hospital are not subject to discovery. See *O'Neill v. McKeesport Hospital,* 48 D.&C.3d 115 (Allegheny Co. 1987) (The Honorable A.J. Wettick determined that findings, recommendations, evaluations or opinions of the Joint Commission on Accreditation of Hospitals, generated by health care providers on behalf of the commission, with respect to any review of the practices and procedures governing treatment involving anesthesia and surgery within the participating hospital, are records of a review committee within the meaning of the Peer Review Protection Act); see also, 7 Standard Pa. Practice 2d §36:9. The joint commission is an independent commission whose function is to establish standards for the operation of hospitals and to evaluate and to recognize compliance with those standards by the issuance of certificates of accreditation. *O'Neill, supra.* More-

over, Montrose Hospital was a voluntary and fee-paying member of the private organization before the defendant withdrew its membership from the commission.

We are not persuaded by the plaintiffs' argument that they are entitled to the documents requested in paragraphs 8 and 9 pursuant to *Thompson v. Nason Hospital,* 527 Pa. 330, 591 A.2d 703 (1991). The court is in agreement that *Thompson* holds, inter alia, that a hospital would be subject to corporate liability if it failed to uphold a proper standard of care, if it had actual or constructive knowledge of the defect or procedures which created the harm, and if its negligence was a substantial factor in bringing about harm to the patient. *Id.* However, *Thompson* does not mention the applicability of the Peer Review Protection Act and/or its applicability to joint commission documents. Therefore, even though the plaintiffs may seek a corporate liability claim against Montrose Hospital, they must pursue the claim without the use of privileged and confidential material.

With regard to the documents sought in paragraphs 10 and 11, the court finds that the defendant has not met its burden of establishing the privilege afforded by the Peer Review Protection Act. Paragraphs 10 and 11 seek documents regarding inspections by the Department of Health of the Commonwealth of Pennsylvania and the revocation of Montrose Hospital's mammography privileges by the department. We find that the Department of Health cannot be considered a professional health care provider within the meaning of the statute and that the Department of Health did not engage in "peer review," see *supra,* as defined in the Act. See *McClellan v. HMO PA,* 546 Pa. 463, 686 A.2d 801 (1996); see also, *Sanderson v. Frank S. Bryan M.D. Ltd.,* 361 Pa. Super. 491, 522 A.2d 1138 (1987)

(purpose of bill is to provide protection to those who give testimony to peer review organizations). Pursuant to the statute, peer review is the procedure for evaluation conducted *by professional health care providers,* who are licensed to practice and operate in the health care field.

" 'Professional health care provider' means individuals or organizations who are approved, licensed or otherwise regulated to practice or operate in the health care field under the laws of the Commonwealth, including, but not limited to, the following individuals or organizations:

"(1) A physician.

"(2) A dentist.

"(3) A podiatrist.

"(4) A chiropractor.

"(5) An optometrist.

"(6) A psychologist.

"(7) A pharmacist.

"(8) A registered or practical nurse.

"(9) A physical therapist.

"(10) An administrator of a hospital, a nursing or convalescent home, or other health care facility.

"(11) A corporation or other facility operating a hospital, a nursing or convalescent home or other health care facility." See 63 P.S. §425.2.

"Concerning the language at issue, of the 11 listed terms included in the statute's definition of professional health care provider, nine are titles of individual health care workers. The remaining two are an administrator, and a corporation or other organization operating or administering a 'hospital, a nursing or convalescent

home, or other health care facility.' 63 P.S. §425.2. Clearly, the list of health care providers set forth in section 425.2 includes only (1) immediate or direct health care practitioners, and (2) administrators of medical facilities, be they individuals or organizations." *Id.*

Following the rationale of our Supreme Court in *McClellan*, the Department of Health is a professional health care provider if the department is either a direct health care provider or an administrator of a medical facility. See *McClellan* (an IPA model HMO is not an administrator of a health care facility since it has no facilities or equipment and thus cannot oversee patient care within its walls). Clearly, the Department of Health is neither a provider nor an administrator within the meaning of the Act. Therefore, the defendant's motion for a protective order with regard to paragraphs 10 and 11 must be denied.

The court is not persuaded by the defense's contention that the Department of Health documents and records are protected by the Right To Know Act, 65 P.S. §66.1 et seq., claiming that the Department of Health documents are not "public records" and are therefore shielded from inspection. The intent of the Right To Know Act is to assure availability of government information to citizens of the Commonwealth by permitting access to official information. *Tribune-Review Publishing Co. v. Allegheny County Housing Authority,* 662 A.2d 677 (Pa. Commw. 1995). Further, broad construction is given to the initial determination of whether a document is a public record to be tempered as an opposing party brings into play enumerated exceptions. *Weaver v. Department of Corrections,* 702 A.2d 370 (Pa. Commw. 1997).

Section 2 of the Right To Know Act provides as follows:

"Every public record of an agency shall, at all reasonable times, be open for examination and inspection by any citizen of the Commonwealth of Pennsylvania."

65 P.S. §66.1 et seq. defines a public record in pertinent part as:

"[A]ny minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons."

To establish that the "minute, order or decision" is a public record, persons seeking the information must establish that the requested material: (1) is generated by an agency covered by the Right To Know Act; (2) is a minute, order or decision of the agency or an essential component in the agency arriving at its decision; (3) fixes personal or property rights or duties of any person or group of persons; and (4) is not protected by statute, order or decree of court. See *Nittany Printing & Publishing Co. Inc. v. Centre County Board of Commissioners,* 156 Pa. Commw. 404, 627 A.2d 301 (1993). We find that the documents sought in paragraphs 10 and 11 satisfy these conditions and therefore constitute public records. The Department of Health is clearly an agency of the Commonwealth. See 65 P.S. §66.1(1). Further, documents regarding inspections by the Department of Health were essential components in the department's decision to revoke Montrose Hospital's mammography privileges. Moreover, there is no evidence that the documents are protected by statute, order or decree of court.

We are not persuaded by the defense's contention that the records fall within the "investigation" exception

of the definition public record, which states that a public record "shall not mean . . . a result of an investigation undertaken by an agency in the performance of its official duties." See 65 P.S. §66.1(2). Instantly, the record reflects that the Department of Health records sought by the plaintiffs resulted from the department's routine inspections of the hospitals operating within the Commonwealth. The law is clear that courts have long rejected the notion that an agency's routine performance of its duties, if in any sense "investigative," shields its activities from the Right To Know Act. *Legal Capital LLC v. Medical Professional Liability Catastrophe Loss Fund,* 702 A.2d 869 (Pa. Commw. 1997). Plaintiffs are therefore entitled to inspect the records described in paragraphs 10 and 11 of their supplemental request for production of documents.

For the aforementioned reasons, the defendant's motion for protective order is granted with regard to paragraphs 8 and 9 and denied with regard to paragraphs 10 and 11. An appropriate order follows.

### ORDER

Now, to wit, July 31, 1998, the court having considered defendant Montrose Hospital's motion for a protective order, the briefs and argument of able counsel and for the reasons set forth in the accompanying opinion, it is hereby ordered as follows:

(1) Defendant Montrose Hospital's motion for protective order is granted in part and denied in part;

(2) Defendant's motion for protective order with regard to paragraphs 8 and 9 are granted; and

(3) Defendant's motion for protective order with regard to paragraphs 10 and 11 are denied.