**TRIBUNE–REVIEW PUBLISHING COMPANY and WPXI, Petitioners**

v.

**DEPARTMENT OF COMMUNITY AND ECONOMIC DEVELOPMENT, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 2002.
Decided Jan. 3, 2003.

David A. Strassburger, Pittsburgh, for petitioners.

Nancy J. Kippenhan, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY President Judge COLINS.

This matter is on remand from the Pennsylvania Supreme Court. The issue to be addressed is whether unfunded state program applications are public records subject to disclosure pursuant to the law known as the Right to Know Act (Act), Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §§ 66.1–66.4. We conclude they are not and affirm the decision of the agency.

Pursuant to the Act, the Tribune–Review Publishing Company and WPXI (the Tribune–Review) requested that the Department of Community and Economic Development (DCED) disclose the "denied: applications for state-funded grants under the Community Revitalization Program." [1]

1. An extensive factual account is set forth in the opinion authored by Senior Judge Jiuli-

DCED declined to disclose the applications because "they had not been approved and reduced to executed contracts" (hereinafter referred to as "unfunded applications") and in the opinion of DCED were then not public records subject to disclosure under the Act. DCED's disclosure denial letter was appealed to this Court. Upon initial consideration, this Court concluded that all applications for funds under the Program are essential components to the Department's decision as to which applicants are to receive grants under the Program; therefore, the applications constitute public records under the Act. The Supreme Court disagreed; reversed the opinion of this Court, and remanded the case back to this Court for our consideration in light of the Supreme Court's decision in *LaValle v. Office of General Counsel*, 564 Pa. 482, 769 A.2d 449 (2001).

■ In *LaValle*, Mr. Justice Saylor enunciated the principle that predecisional, internal, deliberative aspects of agency decision making are not within the definitional scope of the term "public record" as contained in the Act since the mandatory disclosure of such information could have a chilling effect on the deliberative process of the agency. *Id.*, 564 Pa. at 498, 769 A.2d at 458. As applied to the instant matter,[2] the gravamen of this case is the characterization of the items sought, *i.e.*, are unfunded applications part of the deliberative process and thus not subject to disclosure, or, are the unfunded applications essential components to the decision making process and thus subject to disclosure under the Act.

■ A public record is

Any . . . contract dealing with the receipt or disbursement of funds by an agency . . . and any minute, order or decision by an agency . . . and any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person. . . .

Section 1(2) of the Act, 65 P.S. § 66.1(2). Public records are accounts, vouchers, or contracts dealing with fiscal aspects of government and minutes, orders, or decisions fixing personal or property rights of a person or group of persons. *North Hills News Record v. Town of McCandless*, 555 Pa. 51, 722 A.2d 1037 (1999). However, reports, communications or other papers, the publication of which would disclose the intuition, progress, or result of an investigation undertaken by an agency in the performance of its official duties are excluded from disclosure. 65 P S. § 66.1(2). Further, the work product doctrine excludes from disclosure any records reflecting attorney work product. *Maleski v. Corporate Life Ins. Co.*, 163 Pa.Cmwlth. 36, 641 A.2d 1 (1994); *LaValle*, 769 A.2d at 457. Similarly, documents that merely form the basis of another document that was reviewed by an agency are not public records. *Cypress Media, Inc. v. Hazleton Area School District*, 708 A.2d 866 (Pa. Cmwlth.1998). Remaining for consideration is whether the deliberative process privilege restricts disclosure of documents sought pursuant to the Act. *LaValle*, 769 A.2d at 457.

■ The deliberative process privilege protects from disclosure documents containing "confidential deliberations of law or policymaking, reflecting opinions, recommendations, or advice." *Commonwealth ex rel. Unified Judicial System v.*

---

ante found at 751 A.2d 689 (Pa.Cmwlth.2000), *petition for allowance of appeal granted*, 568 Pa. 36, 791 A.2d 1153 (2002).

**2.** Our review is limited to determining whether the denial of the request for information was for just and proper cause. *LaValle.*

*Vartan,* 557 Pa. 390, 399, 733 A.2d 1258, 1263 (1999) (plurality opinion) (citations omitted). The privilege tempers the rights of citizens to access public records. The privilege allows for an intra-agency and inter-agency flow of information. The privilege protects from disclosure the discretion afforded to and exercised by agencies.

 The deliberative process privilege applies to pre-decisional communications, which reflect on legal or policy matters. *Id.; LaValle.* Thus, not subject to disclosure are staff reports used to determine the appropriateness of utility tariff changes, *Commonwealth v. Pennsylvania Public Utility Commission,* 17 Pa.Cmwlth. 351, 331 A.2d 598 (1975), neither are the mental processes of administrators discoverable. *Coder v. State Board of Chiropractic Examiners,* 79 Pa.Cmwlth. 567, 471 A.2d 563 (1984). Consistent with the above, this Court adopts the deliberative process privilege.

Herein, the Tribune–Review failed to sustain its burden of proving that the documents sought are public records. The Tribune–Review's document request to DCED sought access to "unfunded grant applications (hereinafter unfunded applications) that have been acted upon—that is, that reflect an agency decision affecting property rights—are *public documents* under the Commonwealth's Right to Know Law." (Tribune–Review letter of August 10, 1999.) DCED produced no further documents asserting that the unfunded applications had not been acted upon, *i.e.,* not reduced to executed contracts. The Tribune–Review produced no evidence or legal argument supporting its contention that unfunded applications are public records.

 Moreover, unfunded grant applications reflect by definition, those applications that the agency has not funded, which at most, are a reflection of the administrative machinations that move grant applications to either the "funded folder" or to the "unfunded folder." The mere fact that the grant application has not been reduced to an executed contract does not compel the conclusion that the application has been acted upon; in fact, it strongly suggests that nothing has yet been decided. Absent a showing that an agency has acted upon the applications, *i.e.,* done more than merely characterize, we conclude that the mere characterization of grant applications as "unfunded" reflects the deliberative process and as such the documents are not subject to disclosure. Additionally, there is no evidence of record that the documents sought formed either the basis for, or a condition precedent of, the decision to fund grant applications. Therefore, the documents are not essential components of an agency decision,[3] and are not subject to disclosure. Once the applications are acted upon, *i.e.,* granted, the applications are public records subject to disclosure. *LaValle.*

Accordingly, we conclude that DCED had just cause to deny the Tribune–Review Publishing Company and WPXI access to unfunded Community Revitalization Program grant applications.

### ORDER

**AND NOW,** this 3rd day of January 2003, the decision of the Department of Community and Economic Development denying the Tribune–Review Publishing Company and WPXI access to unfunded

---

**3.** *Nittany Printing & Publishing Co., Inc. v. Centre County Board of Commissioners,* 156 Pa.Cmwlth. 404, 627 A.2d 301 (1993), (citing *Vartan v. Department of General Services,* 121 Pa.Cmwlth. 470, 550 A.2d 1375 (1988)).

Community Revitalization Program grant applications is affirmed.

Senior Judge JIULIANTE dissents.