McMullan, Steele and Philadelphia Newspapers, Inc. *v.* Secretary of Welfare, et al.

Argued November 5, 1971, before President Judge BOWMAN and Judges KRAMER, WILKINSON, JR., MENCER and ROGERS.

David H. Marion, with him Harold E. Kohn, P.A., for appellants.

Marx S. Leopold, Assistant Attorney General, with him J. Shane Creamer, Attorney General, for appellees.

OPINION BY JUDGE WILKINSON, December 9, 1971:

This is an appeal under the "right-to-know" statute, Act of June 21, 1957, P. L. 390, 65 P.S. §66.1 et seq., from the refusal of the Secretary of Welfare to permit plaintiffs to have access to "welfare lists" during regular business hours and to make copies of portions thereof at their expense. The letter of appellant, John Mc-Mullan, making the request, and the reply of the Secretary, make it clear that there were many conferences between the parties involved and their legal counsel which identified to everyone just what information it was that plaintiffs included as "welfare lists". In the brief of appellee, the argument it makes is headed: "A. Appellants Are Not Entitled to List of the Names and Addresses of and Amount of Public Assistance to Welfare Recipients Under the Pennsylvania 'Right-to-Know' Statute, 65 P.S. §§66.1-66.4." We therefore here consider that narrow question and find that the appellants are entitled to have access to such records of the appellee as will afford them that information.

The Act of June 21, 1957, provides in Section 2, 65 P.S. §66.2, that every "public record" of an agency

shall be open for inspection by any citizen of the Commonwealth. A public record is defined in Section 1 as follows: "Any account, voucher or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies, materials, equipment or other property and any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons: Provided, That the term 'public records' shall not mean any report, communication or other paper, the publication of which would disclose the institution, progress or result of an investigation undertaken by an agency in the performance of its official duties or any record, document, material, exhibit, pleading, report, memorandum or other paper, access to or the publication of which is prohibited, restricted or forbidden by statute law or order or decree of Court, or which would operate to the prejudice or impairment of a person's reputation or personal security, or which would result in the loss by the Commonwealth or any of its political subdivisions or commissions or State or municipal authorities of Federal funds, excepting therefrom however the record of any conviction for any criminal act." It is appellants' position that the plain language of the Act clearly specifies that they have access to "any account, voucher or contract dealing with the receipt or disbursement of funds". The Secretary defends her refusal on the fact that the names, addresses, and amounts received by welfare recipients are excluded from the mandate of the Act by the definition of public record which excludes: (1) All records, access to or the publication of which is prohibited, restricted or forbidden by statute; (2) All records, access to or the publication of which would operate to the prejudice or impairment of a person's reputation or personal se-

curity; (3) All records, access to or the publication of which would result in the loss by the Commonwealth of federal funds. We cannot agree. On exclusion (1) above, the Secretary refers to Section 404(a) of the Public Welfare Code, Act of June 13, 1967, P. L. 31, as amended, 62 P.S. §404(a) which grants to the Department of Welfare the right to adopt regulations to protect the names of recipients of public assistance. However, Section 404(a) provides: "Upon request of any adult resident of the Commonwealth, the Department *may* furnish the address and amount of assistance with respect to *persons* about whom inquiry is made. . . ." (Emphasis supplied) Even more significantly, Section 425 provides that any county board *shall* furnish such information.

Appellee's case turns on the fact that neither Section 404(a) nor Section 425 specifies furnishing names as well as addresses and amounts received with respect to persons about whom inquiry is made. It is pointed out that earlier legislation contained a provision which included providing names. The Public Assistance Law of 1937, Act of June 24, 1937, P. L. 2051, did not contain a provision covering this matter but one was added by the amendatory Act of June 26, 1939, P. L. 1091, Section 7(o), which added to the powers and duties of county boards of assistance, *inter alia*: "To make available for inspection and examination during office hours, to any taxpayer, in such manner as the county board of assistance may prescribe, the names, addresses, and amount of assistance granted to all persons then receiving general assistance." The Act of August 22, 1953, P. L. 1361, amended Section 7(o) to read as follows: "Upon request by any adult resident of the Commonwealth, to furnish the address and amount of assistance with respect to persons receiving assistance about whom inquiry is made, but such information shall not be used

for commercial or political purposes." The substance of this amended version of Section 7(o) was incorporated into the Public Welfare Code of 1967, 62 P.S. §§404(a), 425.

It would appear that the heart of appellee's case is that it was the intent of the Legislature, by the amendatory Act of August 22, 1953, to restrict the power and duty of county boards to furnish information and, indeed, to prohibit furnishing names. We cannot agree. In fact, the title to the amendatory Act of August 23, 1953, is exactly to the contrary when it states one of the purposes of the amendment is: ". . . authorizing the Department and local boards *to disclose the identity of recipients of assistance and amounts received.*" (Emphasis supplied) This is all that appellants are requesting from the Department or the County Board. Even without the provisions of the "right-to-know" law, it would seem that the very provisions of the Public Welfare Code grant the appellants the right to the information they seek. This is a far cry from the interpretation appellee would have us make that these provisions prohibit the supplying of names and prohibits it so clearly as to contravene the rights granted by the "right-to-know" law. It may be significant to point out in this regard that Section 404(a) provides that the Department *may* furnish the information whereas Section 425 provides that the county board *shall* furnish it. Section 404(a) gives the Department power "to *protect* the names of applicants for and recipients of public assistance *from improper publication.*" (Emphasis supplied) It would have been simple enough for the Legislature to have expressly prohibited the Department and the county board from furnishing names. Not only did it not see fit to do so, but it expressly stated in the title to the amendment its purpose to be exactly to the contrary, i.e., "to disclose the identity of recipients of assistance and amounts received".

It is important to keep in mind that appellants are proceeding under the "right-to-know" law and merely seeking access to the names, addresses, and amounts. They are not demanding that the Department furnish the names, addresses, and amounts which is made permissive by the Public Welfare Code.

Appellee asserts that names of recipients of assistance come under the exception in the "right-to-know" law referred to as (2) above which does not include within the definition of public records matters "which would operate to the prejudice or impairment of a person's reputation or personal security." We do not agree nor do we see that *Chalk Appeal*, 441 Pa. 376, 272 A. 2d 457 (1971), lends any support to such a contention. If *Chalk* has any relevance, it would be to support the proposition that a person either working for the Department of Public Assistance or on the rolls of public assistance is to be treated in the same manner as everyone else. To be consistent with the argument that the name is confidential, the Department would have to refuse to respond to an inquiry with regard to whether a particular person is receiving public assistance, whereas it admits that such a revelation is proper.

Finally, appellee argues that the furnishing of names, addresses, and amounts is excluded by (3) above in that it would cause the Commonwealth to forego federal funds. In our opinion, contrary to the position of appellee, the Jenner amendment to the Revenue Act of 1951, Section 618, as amended, 65 Stat. 569, specifically approves of the revelation under the safeguards provided. The Jenner amendment provides that no state can be deprived of federal financial participation in the provision of assistance: ". . . by reason of the enactment or enforcement by such state of any legislation prescribing any conditions under which pub-

lic access may be had to records of the disbursement of any such funds or payments within such state, if such legislation prohibits the use of any list or names obtained through such access to such records for commercial or political purposes."

In view of our position that the appellants are entitled to the information sought, under the provisions of the "right-to-know" law, it is not necessary to discuss or decide whether they are so entitled as a matter of common law or constitutional right.

Accordingly, we enter the following

### ORDER

Now, December 9, 1971, the Secretary of Welfare is directed to give access to the appellants to the public records which will reveal the names and addresses of and amounts received by recipients of public welfare funds.