**John W. FROMMER, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF LABOR AND INDUSTRY, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 15, 1995.
Decided Oct. 31, 1995.
Reargument Denied Dec. 7, 1995.

Joseph B. D'Amico, for petitioner.

Carol L. Cingranelli, Deputy Chief Counsel, for respondent.

Before SMITH and KELLEY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

John W. Frommer (Frommer) petitions for review of a decision by the Pennsylvania Department of Labor and Industry (Department) denying his request for access to notice of compensation (NCP) records.[1]

---

1. The Workers' Compensation Act (WC Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4 provides information about NCPs and their uses. Generally, when an employer is notified of an employee's injury, the employer/insurer has twenty-one days in which to investigate the facts surrounding the alleged injury. The employer then has a choice to commence payment of benefits pursuant to an agreement with the employee, or issue an NCP, or deny that the injury is compensable and refuse payment by way of a notice of compensation denial. When

We affirm.

Frommer, by letter dated November 23, 1994, requested access to NCP records from Carol Cingranelli, Deputy Chief Counsel for the Department's Bureau of Workers' Compensation pursuant to the act commonly referred to as the "Right–to–Know Act" (Act), Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §§ 66.1–66.4. Frommer made a second request for access to the NCP records by letter dated December 8, 1994. He indicated that he was writing on behalf of a law firm, incident to an interest in promoting the firm's representation of claimants in workers' compensation computation matters.

By letter dated January 18, 1995, Cingranelli notified Frommer that the Department was denying his request, based on its belief that NCPs did not fall within the definition of public records as defined by the Act and, even if the NCPs were deemed to be public records, they were exempt due to confidentiality concerns. The denial also indicated that Frommer's request was extremely broad and could not be accommodated as stated.

In his petition for review of the Department's denial, Frommer raises the following issues: (1) whether an NCP is a public record as defined in the Act; and (2) whether access to an NCP would operate to prejudice or impair any person's reputation or personal security.

Our scope of review is limited to a determination of whether the grant or denial of a request for information was for just and proper cause. Section 4 of the Act, 65 P.S. § 66.4; *Tribune–Review Publishing Co. v. Allegheny County Housing Authority,* 662 A.2d 677 (Pa.Cmwlth.1995).

To determine whether an NCP is a public record, we first look to the definition sup- plied by the Act. Section 1(2) of the Act, 65 P.S. § 66.1(2) states:

> (2) "Public Record." Any account, voucher or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies, materials, equipment or other property and *any minute, order or decision by an agency* fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons.... [I]t shall not include any record, document, material, exhibit, pleading, report, memorandum or other paper, access to or the publication of which is prohibited, restricted or forbidden by statute law or order or decree of court, or which would operate to the prejudice or impairment of a person's reputation or personal security.... (Emphasis added.)

The parties agree that the first issue presented centers on whether an NCP fits within the portion of the definition of a public record that includes "any minute, order or decision by an agency." [2] In *Nittany Printing & Publishing Co., Inc. v. Centre County Board of Commissioners,* 156 Pa.Cmwlth. 404, 627 A.2d 301, 303 (1993), the Court stated that:

> To establish that a document is a public record because it constitutes a 'minute, order or decision,' the person seeking the information must establish that the requested material:
>
> 1) is generated by an 'agency' covered by the Act;
>
> 2) is a minute, order or decision of an agency or an essential component in the agency arriving at its decision;
>
> 3) fixes the personal or property rights or duties of any person or group of persons; and
>
> 4) is not protected by statute, order or decree of court. (Footnotes omitted.)

issuing an NCP, an employer is acknowledging a compensable injury and begins payment of benefits, using the form prescribed by the Department. The form identifies the parties by name and address, including the employee's social security number, provides the date and description of the injury and the compensation rate. The employer/insurer then forwards the form to the employee and sends a copy to the Department. The Department reviews the form to determine whether it has been properly and completely filled out and dockets the form for future refer- ence if necessary. Any substantive changes to the information can only come about through the filing of a petition, subject to the right of a hearing, or by agreement of the parties. *See generally* Sections 406.1, 410, 411 and 423 (renumbered as 413) of the WC Act, 77 P.S. §§ 717.1, 731, 733, 771 and 772.

**2.** Neither party disputes that the Department is an agency of the Commonwealth.

Recognizing the use of the conjunctive "and," Frommer's brief addresses the prongs of the *Nittany* test. However, we note that the third and fourth prongs of the *Nittany* test are not at issue here. The parties agree that NCPs fix personal or property rights and that NCPs have not been determined to be protected by statute, order or decree of court; therefore, we will not address those portions of the test.

Citing *Vartan v. Department of General Services*, 121 Pa.Cmwlth. 470, 550 A.2d 1375 (1988), Frommer first argues that, because the WC Act mandates the filing of an NCP on a form prescribed by the Department, the NCPs are effectively documents generated by the agency and, thus, are public records. The *Vartan* court held that an unsuccessful bidder was entitled to receive a list of other bidders on a contract for the leasing of office space to a state agency, relying on prior cases that ordered the disclosure of similar lists. *See Vartan* and cases cited therein.

However, Frommer overlooks the *Vartan* court's characterization of the request as a list and its allowance of access to a list of bidders and not to the actual bid documents themselves.[3] The court concluded that the information sought (the list of bidders) was to be made available; the court did not state that the bids themselves were public records. We conclude that *Vartan* does *not* stand for the proposition that an agency generated form becomes a document generated by an agency that would satisfy the first prong of the *Nittany* test.

Frommer next argues that an NCP becomes, in essence, a consent decree, thus, an order, which recognizes an employer's/insurer's obligation for payment of benefits. Frommer contends that because an employer/insurer must obtain leave of court, i.e., an order from a workers' compensation judge (WCJ), to modify an NCP, the NCP itself has every indicia of an order and, thus, is a public record. Although Frommer recog-

nizes that an NCP results from an uncontested injury while a WCJ's order is issued as a result of a contested injury, he urges this court to consider both the WCJ's order and an NCP as having the same force and effect.

We find Frommer's argument unpersuasive. The distinction between the nature of a contested or uncontested action is part of the basis for our conclusion that an NCP is not an order. When the action is uncontested the NCP is comparable to a contract. Moreover, Frommer's statement that a modification of an NCP requires an order is erroneous. Parties can modify an NCP by way of a supplemental agreement just as parties to a contract can by agreement change their rights and obligations under the contract. Although we also recognize that an NCP is binding on the parties in the same manner that a contract entered into by private parties is binding, the filing of the NCP with the Department, which is no more than a type of docketing procedure, does not rise to the level of a sanctioning by a court as is done in a consent decree. Thus, a contested case results in an order, but an uncontested case results in a type of contract, which is not to be considered in the nature of a consent decree.

Because Frommer has not satisfied the prongs of the *Nittany* test, we conclude that he has failed to show that NCPs are public records within the meaning of the Act. Therefore, we affirm the Department's denial of access to the NCPs.[4]

### ORDER

NOW, October 31, 1995, the order of the Pennsylvania Department of Labor and Industry, dated January 18, 1995, is affirmed.

SMITH, J., concurs in result only.

---

3. Here, Frommer has not asked for a list, but has requested the documents.

4. Having so held, we need not address Frommer's second issue concerning whether access to NCPs would prejudice or impair a person's reputation or personal security. Additionally, based on a recognition that a claimant's social security

number, *Tribune–Review*, and possibly an employer's/insurer's telephone number may come within the ambit of information held to be confidential, Frommer offers to accept redacted information. However, this also requires no discussion in light of our holding that NCPs are not public documents.