David L. BARGERON, Esq., Petitioner,

v.

**DEPARTMENT OF LABOR AND INDUSTRY, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 4, 1998.

Decided Nov. 12, 1998.

David L. Bargeron, petitioner, pro se.

Randall S. Brandes, Harrisburg, for respondent.

Before PELLEGRINI and FLAHERTY, JJ., and LORD, Senior Judge.

FLAHERTY, Judge.

David L. Bargeron, Esq. (Petitioner) petitions for review from a denial by the Unemployment Compensation Board of Review (Board) of his request to access a list of names and addresses of claimants and employers who are scheduled for hearings before unemployment compensation referees, notices of appeal, and notices of hearings pursuant to the popularly called Right to Know Act (Act).[1] We affirm the denial of the Board.

This case is before us based upon a letter from Petitioner dated July 19, 1997, that requested that the Board release to him a list of names and addresses of claimants and employers who are contesting unemployment compensation determinations made by the job centers.[2] In addition to this list of names and addresses, Petitioner also requested the notices of appeal and the notices of hearing.[3] Petitioner's request was made pursuant to the Right to Know Act.

The Board responded by letter dated August 6, 1997, denying Petitioner access to the petitions for appeal and the notices of hearing and stating that the list Petitioner requested did not exist. The Board's letter also informed Petitioner that it was denying the requested access to the petitions for appeal and the notices of hearing because it had determined that these documents were not public documents, and even if they were public documents, they would fall within an exception of the Act. Petitioner then filed this petition for review from the Board's denial to this Court.

The issue before us for review is whether the list of names and addresses of claimants and employers, the petitions for appeal and the notices of hearing Petitioner requested are accessible public documents and should be given to Petitioner pursuant to the Act. Our review of this issue is limited to a determination of whether the denial of Petitioner's request for information was for just and proper cause. *Tribune–Review v. Allegheny County Housing Authority*, 662 A.2d 677 (Pa.Cmwlth.1995).

The common law right of a party to inspect public records was codified by our General Assembly and is known as the Right to Know Act. *Tribune–Review*, 662 A.2d at 679. The intent of this Act is to assure the availability of government information to citizens of the Commonwealth by permitting access to official information. Under the Act, a broad construction is given to the

---

1. "Right to Know Act", Act of June 21, 1957, P.L. 390, *as amended*, 65 P.S. §§ 66.1–66.4.

2. The Certified Record indicates that Petitioner has been requesting this information since his first request to the Board dated August 5, 1996. Each request by Petitioner was denied by the Board. This is the first appeal to this Court by Petitioner and the only request and denial before us for review.

3. We note that there is no such document as a Notice of Appeal in an unemployment compensation case. There is a Petition for Appeal and we assume that this is the document Petitioner is seeking.

initial determination of whether a document is a public record to be tempered as an opposing party brings into play the enumerated exceptions. *Id.* at 679.

Section 2 of the Act, 65 P.S. § 66.2, provides that:

Every public record of an agency shall, at reasonable times, be open for examination and inspection by any citizen of the Commonwealth of Pennsylvania.

Section 1(2) of the Act generally defines a public record, in relevant part, as: "any minute, order or decision by an agency fixing the personal property rights, privileges, immunities, duties or obligations of any person or group of persons...." 65 P.S. § 66.1(2). Excluded from the Act's definition of "public record", in relevant part, is "any record, document, material, ... or other paper access to ... would operate to the prejudice or impairment of a person's reputation or personal security, or which would result in the loss ... of Federal funds...."

■ While the Act's emphasis is on disclosure of official information, the Act seeks to provide a balance between access to this information by the general public while it protects the confidential nature of specific types of information.

■ Keeping this in mind we will first address Petitioner's request for the list of claimants' and employers' names and addresses. Petitioner requested from the Board a list of names and addresses of claimants and employers that are involved in contested unemployment claims. The Board denies that such a list exists and Petitioner does not challenge this fact. While a list of names and addresses of claimants and employers may be considered a public document, *see Aronson v. Department of Labor and Industry*, 693 A.2d 262 (Pa.Cmwlth. 1997) (a mailing list of employers that was compiled by the Department pursuant to an obligation imposed by a regulation and used to send out surveys, was a public document and accessible under the Right to Know Act),

it is obvious that the Board cannot grant access to something that does not exist. Moreover, it is well established that if a document does not exist, the Board is not required to prepare or create a new document. *Vartan v. Department of General Services*, 121 Pa.Cmwlth. 470, 550 A.2d 1375 (1988).

■ Accordingly, because it appears that the list Petitioner requested does not exist and Petitioner does not challenge this fact, the Board's refusal to provide the alleged list of names and addresses was just and proper since this was the only course of action for the Board in that instance.

■ Next, we will address Petitioner's request for copies of the petitions for appeal and notices of hearing. First, we need to determine if the requested documents are public records under the general definition. Petitioner has the burden to establish that the documents he seeks access to are indeed public records under the definition. *Frommer v. Department of Labor and Industry*, 667 A.2d 35 (Pa.Cmwlth.1995). *Frommer* held that in order to establish that a document is a public record the person seeking the information must establish that the requested material: 1) is generated by an 'agency' covered by the Act; 2) is a minute, order, decision of an agency or an essential component in the agency arriving at its decision; 3) fixes the personal or property rights or duties of any person or group of persons; and 4) is not protected by statute, order, or decree of court.[4]

■ Petitioner argues that the requested documents are used to fix personal and property rights of claimants and employers and are essential components to the agency when fixing those property rights, therefore, they should be considered public records. The Board counters that neither of these documents contain information that a referee would use to render a decision, therefore, they are not essential components nor do they fix any right to unemployment compen-

---

4. It is clear from the record that the Board is an agency covered by the Act and this is not disputed by the parties. In addition, neither party argues that the documents requested are protect-
ed by statute, order, or decree of court. Therefore, this leaves prongs two and three of *Frommer* for our review in order to determine if the requested documents are public records.

sation benefits. Therefore, they are not public documents. After consideration we conclude that Petitioner has not met his burden of establishing that the documents he seeks are public records.

■ The petitions for appeal notify the unemployment compensation authorities that an aggrieved party wishes to appeal an unfavorable decision of a job center. The notices of hearing provide the parties with the date, time and place of the referee's hearing. While these documents are essential, in that without them the unemployment compensation authorities would not be aware that a party wished to appeal and the parties would not be aware of when and where the hearing would be conducted, we cannot conclude that they are public documents. It must be shown that the decision is contingent on information contained in the documents sought and could not have been made without that information. *Nittany Printing and Publishing Co., Inc. v. Centre County Board of Commissioners,* 156 Pa.Cmwlth. 404, 627 A.2d 301 (Pa.Cmwlth.1993). Just because a document may have an effect on an agency decision does not make it an "essential component." *Cypress Media, Inc. v. Hazleton Area School District,* 708 A.2d 866 (Pa. Cmwlth.1998), *petition for allowance of appeal granted,* Lexis 2128 (Pa. September 24, 1998).

Here, the documents requested do not contain information that a referee or other unemployment compensation authority would use to render a decision to grant or deny unemployment compensation benefits. These documents are informational to the parties and unemployment compensation authorities, used as an administrative tool to trigger the scheduling and conducting of a referee's hearing. As they stand, these documents do not fix any rights to benefits to any party. Accordingly, we must agree with the Board that the documents Petitioner requested are not public records as defined by the Act.

■ Even if we had determined that the documents were public records under the general definition, we would conclude that the documents would fall within the personal security exception of the Act taking them out of the definition of a public record.[5]

Section 66.1(2) of the Act provides in part that "public records shall not mean any ... record, document ... which would operate to the prejudice or impairment of a person's reputation or personal security...." We have held that when analyzing this personal security exception we must apply a "balancing test", weighing the privacy interests and the extent to which they may be invaded, against the public benefits which would result from disclosure. *Times Publishing Company, Inc. v. Michel,* 159 Pa.Cmwlth. 398, 633 A.2d 1233 (Pa.Cmwlth.1993), *petition for allowance of appeal denied,* 538 Pa. 618, 645 A.2d 1321 (1994). In *Times Publishing* we examined whether home addresses, telephone numbers and social security numbers of applicants for licenses to carry firearms was accessible information. We concluded that public disclosure of such information would constitute an unwarranted invasion of personal privacy outweighing any public benefit derived from disclosure and, therefore, the information was protected by the personal security exception in the Act. Specifically, the Court was very concerned with what could happen if social security numbers would be disclosed. Such a disclosure could allow the retrieval of extensive amounts of personal data via the use of computers.

This Court had the same concern about the disclosure of social security numbers and addresses later in *Tribune–Review,* 662 A.2d 677. There the Court held that payroll records containing home addresses and social security numbers were not public records and denied access to those records. The Court stated that it did not dispute that the purpose of the Act was to provide public access to government "books", however, this

**5.** The Board also argues that the documents would also fall within the loss of funding exception provided in Section 66.1(2) of the Act. Because we conclude that they would fall within the personal security exception, as discussed further in this opinion, we will not address the Board's argument concerning the loss of funding exception.

access may not be at the expense of the individual's right to privacy. *Id.* at 683.[6]

In this case, the petitions for appeal and notices of hearing requested by Petitioner contain names and addresses of claimants and employers as well as claimants' social security numbers. All of this information was considered by this Court in *Tribune–Review* and *Times Publishing* to be protected. Again we must conclude that it should also be protected here.

Moreover, while the purpose of the access itself is not within our scope of review, *Tribune–Review*, 662 A.2d at 682, Petitioner's brief reveals that the main reason for his request of this information is so that he can solicit the business of these claimants and employers. He wishes to represent them at unemployment compensation hearings and beyond. We cannot conclude that this is a public benefit which would outweigh the privacy interests of the claimants and employers as required by the balancing test. In fact, Petitioner does not advance any public benefit that would be derived from allowing him access to these documents.

Therefore, we conclude that the documents Petitioner seeks are not public documents and that the Board had just and proper cause for its denial of access to the requested documents. Accordingly, we affirm the denial of the Board.

### ORDER

AND NOW, this 12th day of November, 1998, the denial of Petitioner's request by the Board in the letter dated August 6, 1997, is affirmed.

---

**6.** In addition to our repeated concern about the release of personal information, our Supreme Court recently acknowledged in *Sapp Roofing Co. v. Sheet Metal Workers' International Ass'n. et al,*

—— Pa. ——, 713 A.2d 627 (1998), that personal information such as home addresses and social security numbers is not releasable due to personal security of the employees involved.