Paul M. DELLA FRANCO, Petitioner,

v.

DEPARTMENT OF LABOR AND
INDUSTRY, Respondent.

Commonwealth Court of Pennsylvania.

Argued Oct. 9, 1998.
Decided Jan. 6, 1999.

Paul M. Della Franco, Wynnewood, for petitioner.

Elizabeth A. Lion Januzzi, Harrisburg, for respondent.

Before COLINS, President Judge, DOYLE, Judge (P.), and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Senior Judge.

Paul M. Della Franco petitions for review of a decision of the Department of Labor and Industry (Department) denying his request for disclosure of documents pursuant to the

statute commonly known as the Right to Know Act (Act).[1]

On February 26, 1998, Della Franco sent a letter to the Director of the Bureau of Workers' Compensation requesting access to all Workers' Compensation /Occupational Disease petitions pending before all Workers' Compensation Judges (WCJs). Della Franco stated that he was interested in the following information: name of claimant; claimant's address, social security number and name of counsel (if represented); the employer and insurance company or third party administrator; employer's/insurance company's counsel; type of petition(s) pending (i.e., W.C. claim, O.D. Claim, termination, compromise and release, penalty, etc.); judge to whom petition(s) assigned; date of injury/alleged injury; and nature/description of injury included on petition. (Reproduced Record (R.R.), p. 1a.) By letter dated April 8, 1998, the deputy chief counsel for the Bureau of Workers' Compensation denied Della Franco's request, stating "given your extremely broad request and the nature of the information requested, the Bureau is unable to provide you with the access you seek." (R.R., p. 2a.) By letter dated April 20, 1998, Della Franco amended his request for information. Della Franco stated that he was no longer seeking the social security numbers and the addresses of the claimants. Della Franco renewed his request for all other information. The Bureau again denied his request and Della Franco now appeals to this Court.

■ Della Franco raises the following issues on appeal: (1) Whether workers' compensation petitions and the information included therein constitute public records under the Act; (2) whether a list of pending petitions currently maintained by the Department is a public record for purposes of the Act; and (3) whether the requested records fall within any of the exclusions set forth in the Act. Our scope of review under the Act is to determine whether the Department's denial of Della Franco's request was for just and proper cause. *Weaver v. Department of Corrections*, 702 A.2d 370 (Pa.Cmwlth.1997), *petition for allowance of appeal denied*, 553 Pa. 685, 717 A.2d 536 (1998).

■ Section 2 of the Act, 65 P.S. §66.2, provides that every public record of an agency shall be open for examination and inspection by any citizen of the Commonwealth. Section 1(2) of the Act, 65 P.S. §66.1(2), defines a "public record" in part as "any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons." A broad construction is given to the initial determination of whether a document is a public record under Section 1(2) of the Act, which is to be tempered as an opposing party brings into play the enumerated exceptions. *Philadelphia Newspapers, Inc. v. Haverford Township*, 686 A.2d 56 (Pa.Cmwlth.1996).

■ To establish that a document is a public record because it constitutes a minute, order or decision, the person seeking the information must establish that the requested material (1) is generated by an agency covered by the Act; (2) is a minute, order or decision of an agency or an essential component in the agency arriving at its decision; (3) fixes the personal or property rights or duties of any person or group of persons; and (4) is not protected by statute, order of decree of court. *Tapco, Inc. v. Township of Neville*, 695 A.2d 460 (Pa.Cmwlth.1997). Just because a document may have an effect on or influence an agency decision, it does not make it an essential component of that decision. *Nittany Printing & Publishing Co., Inc. v. Centre County Board of Commissioners*, 156 Pa.Cmwlth. 404, 627 A.2d 301 (Pa.Cmwlth.1993). To be considered as embodying an essential component of an agency decision, the decision must have been contingent on the information contained in the document and could not have been made without it. *Id.*

Della Franco contends that the requested petitions are essential components of the Department's ultimate decisions because WCJs cannot issue decisions without petitions first being filed and the petitions are entered as exhibits in every litigated case. Della Fran-

---

1. Act of June 21, 1957, P.L. 390, *as amended*, 65 P.S. §§66.1 – 66.4.

co also contends that even if the pending petitions themselves are not public records, the assignment of the petition to a WCJ is itself an agency decision which creates rights in the workers' compensation claimant. In support of this argument, Della Franco cites *Izzi v. Workmen's Compensation Appeal Board (Century Graphics),* 654 A.2d 176 (Pa. Cmwlth.1995), which held that the Bureau is authorized to substitute one referee for another in a workers' compensation proceeding but must provide notice and an opportunity for the parties to object before a reassignment can occur.

This Court recently considered a similar issue in *Bargeron v. Department of Labor and Industry,* 720 A.2d 500 (Pa.Cmwlth. 1998). In that case, Bargeron requested that the Department provide him with a list of names and addresses of claimants and employers who were contesting unemployment compensation determinations made by job centers. Bargeron also requested the notices of appeal and the notices of hearing. The Court first determined that no list of names and addresses of claimants and employers existed and that the agency was under no obligation to create such a list. As to the request for notices of appeal and notice of hearing, this Court held that Bargeron did not meet his burden of establishing that the documents are public records as defined by the Act. The Court stated:

> [T]he documents requested do not contain information that a referee or other unemployment compensation authority would use to render a decision to grant or deny unemployment compensation benefits. These documents are informational to the parties and unemployment compensation authorities, used as an administrative tool to trigger the scheduling and conducting of a referee's hearing. As they stand, these documents do not fix any rights to benefits to any party.

720 A.2d at 503.

■ Applying the reasoning of *Bargeron* to the facts of the case before us, we con-

clude that the documents requested by Della Franco are not public records as defined by the Act. The information contained in workers' compensation and occupational disease petitions and in notices of WCJ assignments does not form the basis for the WCJ's decision. These documents merely set in motion the litigation process. Although the notice of WCJ assignment creates a right in the claimant to object to any reassignment of the petition, the notice itself does not fix any rights to workers' compensation benefits. Thus, neither the workers' compensation and occupational disease petitions nor the notices of WCJ assignment are an essential component of the agency decision.[2]

Because the documents Della Franco requested are not public records under the Act, we conclude that the Department's denial of Della Franco's request was for just and proper cause. Accordingly, we affirm the decision of the Department.

### ORDER

AND NOW, this 6th day of January, 1999 the decision of the Department of Labor and Industry in the above-captioned matter is hereby affirmed.

---

**2.** The Court in *Bargeron* went on to state that even if the requested documents were public records, the documents would fall within the personal security exception of the Act because the documents contain the names and addresses of claimants and employers as well as claimants' social security numbers. At oral argument, Della Franco stated that he was withdrawing his request for any information other than the names of the parties, the name of the WCJ and the type of petition filed.