Richard ROWLAND, Executive Director, Pennsylvania Association of School Retirees, Petitioner

v.

COMMONWEALTH of Pennsylvania, PUBLIC SCHOOL EMPLOYEES' RETIREMENT SYSTEM, Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 2005.
Decided Oct. 24, 2005.

William W. Warren, Jr. and Edward G. Lanza, Harrisburg, for petitioner.

Gerald Gornish, Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge LEAVITT.

Richard Rowland, Executive Director of the Pennsylvania Association of School Retirees (Association), petitions for review of a final decision of the Public School Employees' Retirement System (PSERS) denying his request for the addresses, dates of birth and last employer of each PSERS annuitant. Rowland requested the information pursuant to the statute commonly referred to as the Right–to–Know Law.[1] At issue in this case is whether PSERS may refuse to disclose documents that contain this information because disclosure would violate members' rights to privacy and confidentiality.

The Association is a volunteer membership organization with over 40,000 members who are former public school employees. Its primary functions, as described by Rowland, are to serve and promote the social and economic needs of its members, to promote improvements in the public education system of the Commonwealth and to promote community service through member volunteer efforts. Notes of Testimony, December 2, 2004, at 10 (N.T. ——). The Association accomplishes these goals through lobbying efforts, which, for example, have been instrumental in securing cost of living adjustments for retired school employees. The Association also provides its members with opportunities to save on different services and programs that it endorses, such as group insurance.

PSERS is an agency of the Commonwealth charged with administering the pension fund for the Commonwealth's public school employees and retirees. Since at least 1987, it has been the practice of PSERS to produce a report for its trustees, the Public School Employees' Retirement Board (Board), in advance of each Board meeting. This report, which identified new retirees, their addresses, social security numbers and retirement dates, was generated so that the Board could approve prospective retirees for retirement benefits.

On December 13, 1994, the Board adopted a "Policy on Public Information" to establish the protocols for fulfilling requests for records that are public under the Right–to–Know Law. With respect to requests for information about pension benefits, the Policy on Public Information provides that personal information about members should not be disclosed. It states, specifically, as follows:

> The Retirement Code requires the Board to "protect the rights of its membership as to privacy and confidentiality." 24 Pa.C.S. § 8502(i). The [Right–to–Know Law] expressly prohibits release of information that would impair a member's reputation or personal security.... In addition, a member has a privacy interest guaranteed by the Pennsylvania Constitution in avoiding disclosure of personal matters.... Therefore, in responding to requests for records that contain members' personal information, PSERS will follow the balancing test adopted in

---

1. Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §§ 66.1–66.9.

*Times Publishing Co. v. Michel,* 159 Pa.Cmwlth. 398, 633 A.2d 1233 (1993), appeal denied, 538 Pa. 618, 645 A.2d 1321 (1994), and will release the records only if the benefits of releasing the information outweigh the individual's privacy interest.

Reproduced Record at 51a (R.R. ——) (citations omitted). The Policy on Public Information identifies specific examples of public and non-public information. Examples of non-public information are the addresses and dates of birth of active and non-active members of PSERS.[2]

Notwithstanding the adoption of the foregoing policy, some members of the Board shared their meeting reports with the Association. In addition, some staff persons at PSERS regularly provided a list of deceased PSERS members to the Association, so that the Association could update its records. This sharing of information was done informally and was never officially sanctioned by PSERS. When the current Executive Director of PSERS, Jeffrey B. Clay, became aware that non-public information was being disseminated in contravention of PSERS' Policy on Public Information, the meeting reports issued to the Board were revised to identify only the names of the new retirees and their retirement dates. Mr. Clay also instructed PSERS staff members to stop providing information on deceased members to the Association.

On July 6, 2004, Rowland submitted the following written request to PSERS:

> In accordance with the Commonwealth's Right–to–Know Law (RTKL) and PSERS' Public Information Policy, I

wish to obtain data from PSERS' annuitant member accounts. Specifically, I am requesting the following information for all PSERS annuitants:

> Name
>
> Address
>
> Date of Birth
>
> Date of Retirement
>
> Years of Credited Service
>
> Last Employer Reported
>
> Current Monthly Annuity

R.R. 54a. This was the first time that a representative of the Association had made a formal request to PSERS for information under the Right–to–Know Law.

PSERS granted in part and denied in part Rowland's request. PSERS provided to Rowland, in electronic format, the names of retirees, their dates of retirement, years of credited service and monthly annuity. PSERS denied Rowland's request for address and date of birth information on three grounds: (1) such data does not fall within the definition of "public record" under the Right–to–Know Law; (2) PSERS is required under Section 8502(i) of the Public School Employees' Retirement Code, 24 Pa.C.S. § 8502(i), to protect its members' right to privacy and confidentiality; and (3) PSERS does not maintain a list of its retired members' addresses and dates of birth. PSERS also denied Rowland's request for the last employer reported by its annuitants since PSERS does not have a document that contains that information. Rowland filed exceptions, and the parties proceeded to a hearing before a PSERS hearing officer.

---

**2.** The Policy on Public Information was revised in 2004 in response to amendments to the Right–to–Know Law and a new management directive promulgated by the Office of General Counsel. The 2004 revisions did not alter the types of information that the Board previously identified as "non-public," except that date of birth was specifically made non-public for retired members. Final Determination of PSERS Right–to–Know Law Exceptions Official at 6; Finding of Fact No. 11 (F.F.——).

PSERS' Executive Director Clay testified that the only document maintained by PSERS that includes an annuitant's address, date of birth and last employer is the retirement application that is submitted at the time of retirement. When PSERS receives a retirement application, it is indexed by social security number as the internal identifier of the member, and imaged for PSERS' data files. The application is also indexed by document type, which is known as the "front-end package." In addition to the application, the front-end package includes an initial benefit letter that advises the retiree of his or her monthly benefit and a front-end benefit check.[3] Clay also explained that, in order for a PSERS employee to retrieve a retirement application from PSERS' storage system, the employee would have to access the front-end package in the imaged data files, retrieve the application and convert it to paper. Retrieving the initial benefit letter would entail the same procedure, although Clay testified that that document probably does not contain a member's date of birth. Because PSERS does not currently maintain a report listing the address, date of birth and last employer of each annuitant, it would have to prepare a new report to fulfill Rowland's request. PSERS has no need for such a report.

In response, Rowland testified about the Board's history of sharing annuitant information with the Association and also about the Association's mission. It is an organization that delivers important benefits to all retired public school employees whether or not they are members of the Associa-

tion. Finally, Rowland presented evidence on what annuitant information is in the possession of PSERS. Because the Association relies heavily on the annuitant information previously obtained from PSERS, Rowland predicts that loss of this information will jeopardize its very existence.

Following the hearing, the hearing officer certified the record to the designated PSERS Right–to–Know Law Exceptions Official. The Exceptions Official issued a final determination affirming PSERS' denial of Rowland's request, which she noted had changed in the course of the hearing. Rowland's formal written request was for specific "data," not for specific documents. In his post-hearing briefs, however, Rowland claimed that he was seeking access to PSERS' "benefit decisions," namely the documents contained in the front-end package. This change was, in itself, grounds for dismissal of Rowland's exceptions.[4] Nevertheless, the Exceptions Official considered the merits of Rowland's exceptions.

■ The Exceptions Official rejected Rowland's request for "benefit decisions" and related documents for three reasons. First, the only document in the front-end package that constitutes a decision of PSERS is the initial benefit letter, which explains how the annuity will be disbursed. This letter does not contain the member's date of birth. Second, the address and date of birth of the recipient is not an essential component of PSERS' decision to fix a retiree's benefit. Third, assuming, *arguendo*, that annuitant addresses and

**3.** Clay acknowledged that these are all "critical documents for the calculation of the benefits." N.T. 75.

**4.** Section 2 of the Right–to–Know Law provides that an initial written request "should identify or describe the *records* sought with sufficient specificity to enable the agency to ascertain which *records* are being requested

...". 65 P.S. § 66.2(c) (emphasis added). *See also Associated Builders & Contractors, Inc. v. Department of General Services,* 747 A.2d 962, 965 (Pa.Cmwlth.2000) (noting that where "[a] request is not sufficiently specific, the agency has no obligation to comply with the request.").

dates of birth are public records within the meaning of the Right–to–Know Law, in order to make this information available to Rowland, PSERS' staff would have to access the imaged data files of over 140,000 retirees and compile a report for which PSERS has no need. Rowland now appeals from the final determination of the Exceptions Official.[5]

Rowland raises several issues on appeal that may be summarized as follows. He argues that the Exceptions Official erred in finding that the documents sought, and the data contained therein regarding address, date of birth and last employer reported, do not constitute "public records" under the Right–to–Know Law. Rowland contends that, contrary to the holding of the Exceptions Official, certain exceptions enumerated in the definition of "public record" under the Right–to–Know Law are not applicable in this case.[6]

■ We begin our analysis with the definition of "public record" found in the Right–to–Know Law. It states in relevant part as follows:

> Any account, voucher or contract dealing with the receipt or disbursement of funds by an agency ... and any minute, order or *decision by an agency fixing the personal or property rights*, privileges, immunities, duties or obligations *of any person or group of persons:* Provided, That the term "public records" ... *shall not include any record, docu-*ment, material, exhibit, pleading, report, memorandum or other paper, *access to or the publication of which is prohibited, restricted or forbidden by statute law or order or decree of court, or which would operate to the prejudice or impairment of a person's* reputation or *personal security ....*

Section 1 of the Right–to–Know Law, 65 P.S. § 66.1 (emphasis added). Thus, the Right–to–Know Law requires disclosure of a broad range of official information, but it balances the need for public access to such information against the need to maintain the confidentiality of specific types of otherwise public information. *Bargeron v. Department of Labor and Industry, Unemployment Compensation Board of Review,* 720 A.2d 500, 502 (Pa.Cmwlth.1998).

It is well-established that an agency is not required to create a public record that does not currently exist. Section 2(e) of the Right–to–Know Law, 65 P.S. § 66.2(e).[7] Clay testified that PSERS no longer generates the type of report that some Board members had previously shared with the Association and which identified new retirees and their mailing addresses. PSERS is under no obligation to resume production of such a report for the benefit of the Association or any other requester under the Right–to–Know Law. The crucial inquiry in this case is whether the documents contained in PSERS' front-end package, particularly the retirement

---

5. Our scope of review in a Right–to–Know Law case is whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *Goppelt v. City of Philadelphia Revenue Department,* 841 A.2d 599, 601 n. 3 (Pa.Cmwlth.2004).

6. Rowland's appeal is opposed by the Pennsylvania State Education Association, which has filed an *amicus curiae* brief in support of respondent, PSERS.

7. It states:

> (e) Creation of a public record. When responding to a request of access, an agency shall not be required to create a public record which does not currently exist or to compile, maintain, format or organize the public record in a manner in which the agency does not currently compile, maintain, format or organize the public record.

Section 2(e) of the Right–to–Know Law, 65 P.S. § 66.2(e).

application because it contains all of the requested information, are public records within the meaning of the Right–to–Know Law.

■ Rowland bears the burden of establishing that the requested documents are "public records." *Bargeron*, 720 A.2d at 502. In order to establish that a document is a public record, the person seeking the information must establish that the requested material "(1) is generated by an agency covered by the Act;[8] (2) is a minute, order or decision of an agency or an essential component in the agency arriving at its decision; (3) fixes the personal or property rights or duties of any person or group of persons; and (4) is not protected by statute, order of decree of court." *Della Franco v. Department of Labor and Industry*, 722 A.2d 776, 777 (Pa.Cmwlth. 1999).

■ Rowland argues that the initial benefit letter fixes the personal or property rights of a PSERS annuitant by advising him of the monetary benefits to which he is entitled, and that the other documents contained in the front-end package, including the retirement application, are essential components of that determination. Clay testified that the documents in the front-end package are "critical documents for the calculation of the benefits."[9] N.T. 75. Leaving aside the question of whether all information in these documents was essential, the documents themselves were essential to PSERS' determination and, thus, public records within the ambit of the Right–to–Know Law.

Our inquiry does not end there, however, because the Right–to–Know Law specifically exempts certain types of records, documents and materials from the definition of "public records." Two of these exceptions are relevant in this case. These exceptions prohibit disclosure of any record, document or material, where disclosure is (1) prohibited by statute or (2) would operate to the prejudice or impairment of a person's reputation or personal security. Section 1 of the Right–to–Know Law, 65 P.S. § 66.1. We agree with PSERS that both of these exceptions are applicable to the information requested by Rowland.

■ The first exception removes from the definition of "public record" a record, document or material to which access is prohibited or restricted by statute. The controlling statute, PSERS argues, is Section 8502(i) of the Public School Employees' Retirement Code, which directs the Board to protect the privacy of members. It states:

> The board shall keep in convenient form such data as are stipulated by the actuary in order that an annual actuarial valuation of the various accounts can be completed within six months of the close of each fiscal year. *The board shall have final authority over the means by which data is collected, maintained and stored and in so doing shall protect the*

---

8. The parties do not dispute that PSERS is a Commonwealth agency subject to the Right–to–Know Law.

9. Clay did not state, however, that address, date of birth and name of last employer are pieces of information essential to the Board's determination. PSERS noted at oral argument this Court's holding in *Heffran v. Department of Corrections*, 878 A.2d 985 (Pa.

Cmwlth.2005), holding that certain reports generated by the Department of Corrections were not essential to a determination and, thus, not public records. Here, the documents in the front-end package were essential to a determination of benefits, but it does not follow that all information contained therein was essential.

*rights of its membership as to privacy and confidentiality.*

24 Pa.C.S. § 8502(i) (emphasis added). PSERS interprets the second sentence of Section 8502(i) as creating a broad, affirmative duty to protect the privacy of its annuitants, which includes keeping confidential their address and date of birth information. The Exceptions Official agreed, noting that PSERS has a *"statutory obligation* to protect the confidentiality of member information." Final Determination of PSERS Right–to–Know Law Exceptions Official, at 21 (emphasis in original). Rowland counters that the scope of the privacy protection in the second sentence of Section 8502(i) is limited by the first sentence. In other words, he contends that Section 8502(i) requires PSERS to maintain the confidentiality only of "actuarial data," not other information such as addresses and dates of birth.

■ An administrative agency's interpretation of a statute for which it has enforcement responsibility is entitled to substantial deference. *Starr v. State Board of Medicine,* 720 A.2d 183, 190 (Pa. Cmwlth.1998). We defer to PSERS' reasonable interpretation of Section 8502(i), and note that, by contrast, Rowland's interpretation is unduly narrow. An actuarial valuation of the pension program is based on data such as "mortality, service, and compensation experience" of PSERS' annuitants. 24 Pa.C.S. § 8502(j). This information is not sensitive in nature, and there would be no need to maintain the confidentiality of what is essentially mathematical data.[10] We agree with PSERS that Section 8502(i) directs the Board to protect the confidentiality of the specific information requested by Rowland and other information about annuitants that impacts their privacy rights.

■ The second exception provided in the definition of "public record" is for a record, document or material, disclosure of which would prejudice or impair a person's reputation or personal security. Section 1 of the Right–to–Know Law, 65 P.S. § 66.1. This Court interprets the personal security and reputation exceptions as creating a privacy exception to the Right–to–Know Law's general rule of disclosure. *Cypress Media, Inc. v. Hazleton Area School District,* 708 A.2d 866, 870 (Pa.Cmwlth.1998).[11] It is also generally accepted that a person has a privacy interest in his or her home address. *See, e.g., Sapp Roofing Co., Inc. v. Sheet Metal Workers' International As-*

10. Collecting and maintaining data on its annuitants, one of the PSERS Board's core functions, raises different concerns. As a practical matter, in order to perform its repository function, PSERS must use personal identifiers as an organizational tool, which may include the addresses and dates of birth of PSERS' annuitants and their last employer.

11. This was not always the case, as illustrated by *Mergenthaler v. State Employes' Retirement Board,* 33 Pa.Cmwlth. 237, 372 A.2d 944 (1977), a case that is central to Rowland's position. In *Mergenthaler,* this Court held that the names and addresses of retired state employees were encompassed by the definition of "public record" in the Right–to–Know Law, and that disclosure of such information could not impair the employees' personal se-

curity. In reaching that decision we relied on *Young v. Armstrong School District,* 21 Pa. Cmwlth. 203, 344 A.2d 738 (1975) in which a list of the names and addresses of each child entering kindergarten had to be disclosed. *Young* held that "personal security" under the Right–to–Know Law is distinct from "personal privacy." It was this distinction that was followed in *Mergenthaler. See Mergenthaler,* 372 A.2d at 947. However, we expressly overruled *Young* in *Tribune–Review Publishing Co. v. Allegheny County Housing Authority,* 662 A.2d 677, 683 n. 9 (Pa.Cmwlth.1995), and held that a right of privacy exists in the Right–to–Know Law. In light of this fundamental change in our jurisprudence, we question the precedential value of *Mergenthaler* and decline to follow it here.

*sociation, Local Union No. 12*, 552 Pa. 105, 713 A.2d 627 (1998) (for purposes of ensuring compliance with Prevailing Wage Act, labor union could access school district's records on wage information of private contractor's employees but not employees' names, addresses, social security numbers and phone numbers); *Cypress Media, Inc., supra* (noting that a person's home address, home telephone number and social security number are not subject to disclosure under the Right–to–Know Law because the benefits of disclosing such information are outweighed by a person's privacy interests in that information).[12]

 The privacy exception, however, is not absolute. When analyzing this exception we apply a balancing test, weighing the privacy interests, and the extent to which they may be invaded, against the public benefits that would result from disclosure. *Times Publishing Co., Inc. v. Michel,* 159 Pa.Cmwlth. 398, 633 A.2d 1233, 1239 (1993). Notably, the purpose for which the document will be used is irrelevant to this balancing test. *Tribune–Review Publishing Co. v. Allegheny County Housing Authority,* 662 A.2d 677, 683 n. 9 (Pa.Cmwlth.1995). This is because the Right–to–Know Law treats all requesters equally, regardless of the reason for the request or the intended use of the records. *See* Section 2(c) of the Right–to–Know Law, 65 P.S. § 66.2(c) ("A written request need not include any explanation of the requester's reason for requesting or intended use of the records."); Section 3.1 of the Right–to–Know Law, 65 P.S. § 66.3–1

("An agency may not deny a requester access to a public record due to the intended use of the public record by the requester.").

In support of his request, Rowland maintains that the Association offers its members, retirees and the public at large significant benefits, such as "services, advocacy, volunteer opportunities, discounts and many other advantages." Petitioner's Brief at 28. He argues that release of the requested information will allow the Association to continue to grow and provide these valuable benefits. Rowland also contends that because the Association strives to protect the confidentiality of its members' personal information, there is virtually no harm in granting his request.

Rowland's arguments fail for two reasons. First, he overlooks the fact that a decision in his favor will result in disclosure of the requested information to any member of the public, regardless of the purpose for the request. The Association's own privacy policy is irrelevant, as are Rowland's proffered reasons for making the request, all of which are directed at the purpose of his request and are not within the scope of our review. *See* Sections 2(c) and 3.1 of the Right–to–Know Law, 65 P.S. §§ 66.2(c), 66.3–1. Second, the benefits that Rowland has identified inure to members of the Association, not to the public at large. The real benefit is to the Association itself, which has an interest in sustaining its own existence through recruitment of new members. Thus, because there are no public benefits against which to balance the privacy interest of

---

12. We recognize that in *Goppelt v. City of Philadelphia Revenue Department,* 841 A.2d 599 (Pa.Cmwlth.2004), this Court held that the mailing addresses of delinquent taxpayers are subject to disclosure. We reasoned that disclosure could have a significant public benefit by aiding in service of process and facilitating communications with an absentee landowner regarding the condition of property, actions of tenants on the property and offers to purchase or lease the property. By contrast, and as discussed further above, Rowland has not identified any public benefit to be derived from providing access to the home addresses of public school retirees.

PSERS' members, the balance tips easily in favor of non-disclosure of the requested information.

In sum, we agree with PSERS that the information requested by Rowland does not constitute a public record under the Right-to-Know Law. The information is statutorily protected from disclosure under the Public School Employees' Retirement Code and under the privacy exception recognized in this Court's Right-to-Know Law jurisprudence. PSERS properly denied Rowland access to the documents in the front-end package.[13] Accordingly, we affirm the final determination of the PSERS' Exceptions Official.

## ORDER

AND NOW, this 24th day of October, 2005, the order of the Public School Employees' Retirement System dated February 11, 2005, in the above-captioned matter is hereby affirmed.

13. Rowland may be entitled to access copies of the documents after all private and confidential information has been redacted at the Association's expense. Presumably the Association would have little or no use for the documents in that form. In any event, we need not consider this issue further since Rowland has not, as an alternative form of relief, requested redacted copies of any of the documentation.